**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4561**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

CAREY DAWSON,

          Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, Chief District Judge.  (2:08-cr-00280-1)

Submitted:  October 23, 2009     Decided:  February 10, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carey Dawson pled guilty, via a written plea agreement, to possession of a firearm while addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (2006) and 18 U.S.C.A. § 924(a)(2) (West 2006 & Supp. 2008). The district court sentenced him to forty-six months' imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal given the appellate waiver in Dawson's plea agreement, but raising the issue of whether Dawson's sentence was reasonable. Although informed of his right to do so, Dawson did not file a pro se supplemental brief. The Government has moved to dismiss the appeal on the basis of the waiver. Dawson's counsel has filed a response but does not challenge the voluntariness of the waiver; rather, he urges the court to review the appeal pursuant to Anders.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant

2

validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

We have reviewed the record and conclude Dawson knowingly and voluntarily waived the right to appeal any sentence that did not exceed the advisory guidelines range corresponding to offense level twenty-six. Dawson received a sentence within this specified range and the sole sentencing issue he raises on appeal falls within the scope of this waiver. We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Dawson's conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore deny the Government's motion to dismiss in part and affirm Dawson's conviction.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to

3

withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART